IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUIS A. SANTIAGO, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:11cv769 |
| | § | (Judge Clark/Judge Mazzant) |
| NOVASTAR MORTGAGE, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On July 23, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiffs' Motion to Remand [Doc. #107] be granted.

The Magistrate Judge recommended that Plaintiffs' Motion to Remand be granted by declining to exercise supplemental jurisdiction over Plaintiffs' state law claims. On July 27, 2012, Defendants/Counter-Plaintiffs/Third-Party Plaintiffs The Bank of New York Mellon, Successor in Interest to JP Morgan Chase Bank, as Trustee for the Registered Holders of Novastar Mortgage Funding Trust, Series 2004-2 Equity Loan Asset-Backed Certificates, Series 2004-2, Ocwen Loan Servicing, LLC, and Mortgage Electronic Registration Systems, Inc. filed objections to the report [Doc. #134]. On August 6, 2012, Mackie Wolf Zientz & Mann, P.C. filed objections to the report [Doc. #138]. Also on August 6, 2012, Novastar Mortgage, Inc. filed objections to the report [Doc. #139].

Defendants all object to the report, asserting that Plaintiffs waived the right to seek remand. Defendants' objection is misplaced and irrelevant. Although the Magistrate Judge was alerted by

1

Plaintiffs' motion that there were no longer any federal claims remaining in the case, it is clear that the Magistrate Judge only used the motion to remand as a vehicle to remand the case. The Magistrate Judge indicates that he was unaware that the federal claim had been dismissed and, after becoming aware, reviewed whether the court should exercise its supplemental jurisdiction. The court must always evaluate its jurisdiction, and the Magistrate Judge did not need the motion to remand to *sua sponte* remand this case. The Magistrate Judge stated that "[i]f the Court had realized that the federal claims had been dropped, the Court would have remanded the case at that time [of the amended complaint] and declined its supplemental jurisdiction." Thus, the Magistrate Judge was not required to look at waiver.

The Magistrate Judge reviewed the issue of retaining supplemental jurisdiction and declined to exercise it. The court finds no error in the analysis and agrees that the court should decline supplemental jurisdiction in the case.

Therefore, for the reasons stated above, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Plaintiffs' Motion to Remand [Doc. #107] is GRANTED, and Plaintiffs' case is REMANDED to the 296th Judicial District Court of Collin County, Texas.

All motions by any party not previously ruled on are hereby **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

So **ORDERED** and **SIGNED** this **12** day of **August, 2012.**

_____
Ron Clark, United States District Judge

2